IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BANK OF AMERICA, N.A.,

        Plaintiff,

   v.

DONOVAN VOLK and JILL VOLK,

        Defendants.

Case No. 6:18-cv-01537-AA
**OPINION AND ORDER**

---

Aiken, District Judge:

    This foreclosure case was previously removed from Lane County Circuity Court by defendants, Donovan and Jill Volk. (doc. 1) Plaintiff, Bank of America, N.A., now moves to remand this case to Lane County Circuit Court arguing that removal was untimely and that defendants have waived their right to removal. (doc. 5) For the reason set forth herein plaintiff's Motion to Remand to State Court is granted.

    Plaintiff filed this foreclosure action against defendants in Lane County Circuit Court on December 22, 2016. Defendants were served with the complaint on January 2, 2017, and they

filed an answer, counterclaims, and third party complaint on August 9, 2017.[1] Defendants then filed the present Notice of Removal to this Court on August 21, 2018 pursuant to 28 U.S.C. §§ 1367, 1441(a), and 1446(b).

Generally, a defendant may remove a case to federal court if the federal court would have subject matter jurisdiction over one or more of the plaintiff's claims, pursuant to 28 U.S.C. § 1331 (federal question) or § 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b).

A plaintiff may seek to remand a case if the removal notice was untimely under 28 U.S.C § 1446. Section 1446(b)(1) requires that a defendant's notice of removal be filed within thirty days of being served with the "initial pleading." Section 1446(c) provides that when removal is based on diversity of citizen ship "a case may not be removed . . . more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

The statutory deadline is mandatory, and a timely objection to late removal will defeat the removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980); *Capital One Bank (USA), N.A. v. Clark*, 2017 WL 1425588, at *2 (D. Or. Mar. 27, 2017), *report and recommendation adopted*, 2017 WL 1437096 (D. Or. Apr. 18, 2017). Further, the removal statute is strictly construed and "any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines*, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)*). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'" *Id.* (quoting *Gaus*, 980 F.2d at 566).

---

[1] Defendants were represented by counsel earlier in state court litigation, but they now appear before this Court as *pro se* litigants.

It is clear from the record that defendants did not seek removal of this cause until roughly twenty months after service of the original complaint. There is no question that removal is untimely. Further, defendants fail to offer any relevant arguments as to why the motion should not be granted on timeliness grounds. Thus, the motion can be granted as removal was untimely, and the Court need not address plaintiff's other arguments.

Plaintiff's Motion to Remand to State Court (doc. 5) is GRANTED. This case is REMANDED to the Circuit Court of the State of Oregon for the County of Lane. The Clerk of this Court is ORDERED to mail a certified copy of this order to the Clerk of the Circuit Court of the State of Oregon for the County of Lane.

IT IS SO ORDERED.

Dated this 26th day of October, 2018.

_____
Ann Aiken
United States District Judge